US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
11/14/2018

IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| MICHAEL HESTER, on behalf of himself and all others similarly situated, | Civil Action No. 18-5225 TLB |
| Plaintiff, | Complaint – Class Action |
| -against- | Jury Trial Demanded |
| WALMART, INC., | |
| Defendant. | |

# CLASS ACTION COMPLAINT

Plaintiff Dr. Michael Hester ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, brings this action against Walmart, Inc. ("Defendant" or the "Company") and states as follows:

## NATURE OF THE CASE

1. In recent years consumers have become increasingly dependent on portable electronic devices like smart phones, tablets and laptop computers ("PED"). PEDs have made it convenient for consumers to constantly stay in communication with colleagues, friends, and loved ones, and to immediately access information. However, like any electronic device, PEDs require power and their internal batteries must be periodically recharged.

2. To address the needs of consumers to use PEDs during travel, or when the consumer otherwise lacks access to an electrical outlet, the portable charger industry emerged. A portable charger, often called a power bank ("Power Bank"), is a small, portable power source consumers can use to recharge their PEDs during travel. The greater the capacity of the Power

Bank, as is expressed in milliampere-hours ("mAh"), the more times the Power Bank can be used to recharge PEDs before the Power Bank must be recharged itself. Thus, consumers prefer and are willing to pay a premium for Power Banks with higher mAh ratings.

3. Defendant markets and distributes for sale to consumers a number of Power Banks under the Onn label (the "Products"). Defendant does so by prominently representing the Products' capacities as measured in mAh. Unfortunately for consumers, testing has shown the Products' actual capacities are substantially lower than what Defendant represents.

4. By deceiving consumers about the Products' capacities as detailed herein, Defendant is able to sell more of, and charge more for, the Products than the Company could if they were labeled accurately. Further, Defendant was also motivated to mislead consumers to take away market share from competing products, thereby increasing its own sales and profits.

5. This is a proposed class action brought by Plaintiff, individually and on behalf of a class of similarly situated individuals, against Defendant, seeking redress for Defendant's unjust, unfair, and deceptive practices in misrepresenting the capacity of the Products in violation of state law.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action in which: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) a member of the class is a citizen of a state different from a defendant; and (3) the number of members of the class in the aggregate is greater than 100.

7. The Court has personal jurisdiction over Defendant because the wrongdoing alleged herein occurred in Arkansas, and Defendant's principal place of business is in Arkansas.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is within this district, a substantial part of the events or omissions giving rise to these claims occurred in this District, and Defendant is subject to personal jurisdiction in this district.

## PARTIES

9. Plaintiff Dr. Michael Hester is an individual consumer who, at all times material hereto, was a citizen and resident of Carrollton, Georgia.  In or around 2016, Plaintiff purchased the Product from a Walmart store in Carrollton, Georgia.  Plaintiff read the Product's packaging and decided to buy the Product based on Defendant's representation that its capacity is 2200mAh.  Had Plaintiff known the truth, that the Product's mAh was really less, he would not have purchased it or would not have been willing to pay as much as he paid for the Product.

10. Plaintiff frequently uses PEDs during travel and when he otherwise does not have access to an electrical outlet.  Plaintiff would consider purchasing the Product again if he could trust that Defendant's representations about its mAh rating were correct going forward, such as if the Product was redesigned to make Defendant's representations about it correct, and if the price fairly reflected the actual mAh capacity of the battery.  He also has a strong interest in ensuring honesty in the marketplace for Power Banks.

11. Defendant Walmart, Inc. is incorporated in Delaware and has its principal place of business in Bentonville, Arkansas.  Defendant owns, markets, distributes and sells the Products throughout Arkansas and the rest of the United States.

**DEFENDANT DECEPTIVELY MARKETS ONN POWER BANKS.**

12. Millions of Americans depend on PEDs to conduct their daily lives. PEDs have made it more convenient for consumers to constantly stay in communication with colleagues, friends, and loved ones, and to immediately access information.

13. To address the needs of consumers to power their PEDs during travel, or when they otherwise lack access to an electrical outlet, an industry for Power Banks has emerged. The sale of Power Banks now generates more than $15 billion in sales each year.

14. The most important factor for consumers in choosing a Power Bank is its capacity, which is measured in milliampere-hours, or "mAh." The higher the mAh, the greater the number of times a Power Bank can be used to recharge PEDs before the Power Bank itself must be recharged. Consumers thus have a strong preference for, and pay more for, Power Banks with a higher mAh. Accordingly, for most Power Banks, the mAh rating is featured prominently in the product's advertising.

15. Defendant markets and sells nationwide to consumers a number of Power Banks under the Onn label, which is a Walmart store brand for certain electronics like Power Banks. Everywhere the Products are sold, at the point of sale and on the Products' packaging, Defendant prominently represents the Products' capacity as measured in mAh.

16. Unfortunately, testing has shown that Defendant has substantially inflated the Products' mAh ratings. Plaintiff tested an Onn Power Bank represented to have 2200mAh capacity (the same model Plaintiff purchased) using a skilled and experienced testing company. Those test results revealed that the capacity was actually only 1916mAh. Upon information and belief, Defendant knew, at the time the Company sold the Products to Plaintiff and the other class members, that the Products' true capacity was substantially less than what Defendant had

represented. Defendant intentionally misrepresented the Products' capacity to Plaintiff and the other class members to induce them to purchase and pay a premium for the Products.

17. Defendant has profited enormously from its false and misleading representations about the Products. The purpose of this action is to put an end to Defendant's deceptive marketing of the Products and to provide consumers with monetary and injunctive relief.

## CLASS ALLEGATIONS

18. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated Georgia Citizens (the "Georgia Class"), defined as follows:

> All consumers who purchased the Products within the State of Georgia. Excluded from the Georgia Class is anyone who received a refund, as well as any of Defendant's officers, directors, or employees; officers, directors, or employees of any entity in which Defendant currently has or has had a controlling interest; and Defendant's legal representatives, heirs, successors, and assigns.

19. Additionally, Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and similarly situated individuals within certain States (the "Multi-State Class"), defined as follows:

> All consumers who purchased the Products in Arkansas, California, Florida, Georgia, Illinois, Massachusetts, Michigan, New Jersey, New York, North Carolina, Ohio, and Washington. Excluded from the Multi-State Class are any of Defendant's officers, directors, or employees; officers, directors, or employees of any entity in which Defendant currently has or has had a controlling interest; and Defendant's legal representatives, heirs, successors, and assigns.

The Georgia Class and Multi-State Class are referred to collectively as the "Classes."

20. At this time, Plaintiff does not know the exact number of members of the Classes but the number is estimated to be in the thousands or more. The Classes are so numerous that joinder of all members is impracticable.

21. There are questions of law or fact common to the Classes that predominate over any questions affecting only individual members, including:

    (a)    whether Defendant misrepresented the Products' mAh ratings;

    (b)    whether Defendant's conduct was unfair and/or deceptive;

    (c)    whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon it by Plaintiff and the Classes;

    (d)    whether Defendant's conduct constitutes a breach of express warranty;

    (e)    whether Defendant violated state consumer protection laws;

    (f)    whether Plaintiff and the Classes have sustained damages and, if so, the proper measure thereof;

    (g)    whether Plaintiff and the Classes are entitled to restitution, and if so, the proper measure thereof;

    (h)    whether Defendant should be enjoined from continuing to sell the Products as currently labeled;

    (i)    whether Defendant's alleged misrepresentations about the Products' capacity constitutes deceptive conduct; and

    (j)    whether Plaintiff and the Classes are entitled to declaratory relief;

22. Plaintiff's claims are typical of those of the members of the Classes, because Plaintiff, like all members of the Classes, purchased, in a typical consumer setting, Defendant's Product(s) bearing the claim that their capacity is greater than it really is, and Plaintiff sustained damages from Defendant's wrongful conduct.

23. Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the Classes.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25. No member of the Classes has a substantial interest in individually controlling the prosecution of a separate action. The damages for each individual member of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's conduct. Thus, it would be virtually impossible for them individually to effectively redress the wrongs done to them.

26. The prerequisites to maintaining a class action for injunctive or equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the Classes thereby making appropriate final injunctive or equitable relief with respect to the Classes.

27. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of members of the Classes who are not parties to such actions.

28. Defendant's conduct is generally applicable to the Classes as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Classes as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Classes as a whole appropriate.

## CLAIMS FOR RELIEF

### COUNT I
**(Breach of Express Warranty on Behalf of Plaintiff and the Georgia Class)**

29. Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

30. Defendant is and was at all relevant times a "merchant" with respect to Power Banks, and specifically to the Products under, *inter alia*, O.G.C.A. § 11-2-104(1), and "sellers" of the Power Banks and specifically the Products under, inter alia, O.G.C.A. § 11-2-103(1)(d).

31. The Products are and were at all relevant times "goods" within the meaning of, *inter alia*, O.G.C.A. §§ 11-2-105(1) and 11-9-102(a)(45).

32. Plaintiff and the other members of the Georgia Class bought the Products manufactured, marketed to them, and intended to be purchased by consumers such as them, from Defendant.

33. Defendant expressly warranted that the Products' capacities are greater than they really are, as described above, within the meaning, *inter alia*, of O.G.C.A. § 11-2-313(1).

34. Defendant's express warranties formed a basis of the bargain that was reached when Plaintiff and the other members of the Georgia Class purchased the Products.

35. Defendant knew or should have known that its warranty about the Products' capacity was false and/or misleading. Defendant knew that the Products' capacity was substantially lower than what Defendant represented on the Products' packaging and in Defendant's advertising for the Products.

36. Plaintiff and the other members of the Georgia Class reasonably relied on Defendant's express warranties concerning the Products' capacity.

37. However, as described above, and unknown to Plaintiff and the members of the

Georgia Class, the capacity of the Products is substantially less than what Defendant represents on the Products' packaging and in its advertising for the Products.

38. Defendant thus breached its express warranty by providing Products to Plaintiff and the other members of the Georgia Class with a capacity substantially below what Defendant represented.

39. On July 18, 2018, within a reasonable time after he knew or should have known of such breach, Plaintiff, on behalf of himself and the other members of the Georgia Class, placed Defendant on notice thereof.

40. As a direct and proximate result of Defendant's breach of express warranties, Plaintiff and the other members of the Georgia Class suffered damage, and seek damages in an amount to be determined at trial.

## COUNT II
### (Violations of Georgia's Uniform Deceptive Trade Practices Act Ga. Code Ann. § 10-1-370, *et seq*. on Behalf of Plaintiff and the Georgia Class)

41. Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

42. Defendant, Plaintiff and the other members of the Georgia Class are "persons" within the meaning of the Georgia Uniform Deceptive Trade Practices Act ("UDTPA"), Ga. Code Ann. § 10-1-371(5).

43. The Georgia UDTPA prohibits any "deceptive trade practices," which includes, *inter alia*: 1) misrepresenting the "standard, quality, or grade" of goods or services; 2) representing that goods or services have "characteristics . . . uses, benefits, or quantities that they do not have[;]" 3) "[a]dvertis[ing] goods or services with intent not to sell them as advertised[;]"

9

or 4) "[e]ngag[ing] in any other conduct which similarly creates a likelihood of confusion or of misunderstanding." Ga. Code Ann. § 10-1-372(a).

44. Defendant affirmatively misrepresented the Products' capacity -- a material fact that Defendant knew to be false. Defendant's deceptive conduct violates the Georgia UDTPA by 1) misrepresenting the "standard, quality, or grade" of the Products; 2) representing that the Products have "characteristics . . . uses, benefits, or quantities that they do not have[;]" 3) "[a]dvertis[ing] [the Products] with intent not to sell them as advertised[;]" or 4) "[e]ngag[ing] in any other conduct which similarly creates a likelihood of confusion or of misunderstanding."

45. Defendant's misrepresentations about the Products' capacity were material to Plaintiff and the other members of the Georgia Class. Defendant misrepresented, concealed, or failed to disclose the truth regarding the Products' capacity with the intention that consumers would rely on the misrepresentations, concealment and omissions. Had they known the truth, Plaintiff and the other members of the Georgia Class would not have purchased the Products at all or would have paid significantly less for them.

46. Plaintiff and the other members of the Georgia Class suffered ascertainable loss and actual damages as a direct and proximate result of Defendant's misrepresentations and concealment of and failure to disclose material information.

47. Plaintiff and the other members of the Georgia Class seek an order pursuant to Ga. Code Ann. § 10-1-373 enjoining Defendant's unfair and/or deceptive acts or practices, awarding them their costs and attorneys' fees, and any other just and proper relief available under the Georgia UDTPA.

## COUNT III
### (Violations of Georgia's Unfair Business Practices
### Act Ga. Code Ann. § 10-1-390, *et seq.* on Behalf of Plaintiff and the Georgia Class)

48. Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

49. The Georgia Fair Business Practices Act ("Georgia FBPA") declares "[u]fair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce" to be unlawful. Ga. Code Ann. § 10-1-393(a).

50. In the course of its business, Defendant, through its agents and/or employees, violated the Georgia FBPA.

51. Defendant affirmatively misrepresented the Products' capacity -- a material fact that was false. In so doing, and by marketing, offering for sale, and selling the Products, Defendant engaged in one or more of the following unfair or deceptive acts or practices as defined in Ga. Code Ann. § 10-1-393(b): 1) "[r]epresenting that goods or services have . . . characteristics, uses, benefits, or quantities that they do not have[;]" 2) "[r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another;" and 3) "[a]dvertising goods or services with intent not to sell them as advertised[.]"

52. Defendant's scheme and concealment of the true characteristics of the Products' capacity was material to Plaintiff's and the other Georgia Class members' as Defendant intended. Had they known the truth, Plaintiff and the other Georgia Class members would not have purchased the Products or would have paid significantly less for them.

53. Plaintiff and the other members of the Georgia Class had no way of discerning that Defendant's representations were false and misleading, or otherwise learning the facts that Defendant had concealed or failed to disclose.

54. Defendant had an ongoing duty to Plaintiff and the other Georgia Class members to refrain from unfair and deceptive practices under the Georgia FBPA in the course of its business. Specifically, Defendant owed Plaintiff and the other Georgia Class members a duty to disclose all of the material facts concerning the Products' capacity because Defendant possessed exclusive knowledge and intentionally concealed it from Plaintiff and the other members of the Georgia Class, and/or made misrepresentations that were rendered misleading because they were contradicted by withheld facts.

55. Plaintiff and the other Georgia Class members suffered ascertainable loss and actual damages as a direct and proximate result of Defendant's concealment, misrepresentations, and/or failure to disclose material information.

56. Defendant's violations present a continuing risk to Plaintiff and the other members of the Georgia Class, as well as to the general public. Defendant's unlawful acts and practices complained of herein affect the public interest.

57. Pursuant to Ga. Code Ann. § 10-1-399, Plaintiff and the other members of the Georgia Class seek an order: 1) enjoining Defendant's unfair and/or deceptive acts or practices; 2) awarding general and punitive damages in an amount to be proven at trial; 3) awarding costs and attorneys' fees; and 4) awarding any other just and proper relief available under the Georgia FBPA.

58. On July 18, 2018, Plaintiff sent notice to Defendant complying with Ga. Code Ann. § 10-1-399(b). Because Defendant failed to remedy its unlawful conduct within the requisite time period, Plaintiff seeks all damages and relief to which Plaintiff and the other Georgia Class members are entitled.

**COUNT IV**
**(Violation of Materially Identical State Consumer Protection Statutes,**
**on Behalf of Plaintiff and the Multi-State Class)**

59. Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

60. Defendant is engaged in "trade" and "commerce" as it distributes the Products to retail stores for sale to consumers within this and each of the states listed below.

61. Defendant's representations regarding the capacity of the Products were material to a reasonable consumer and likely to affect consumer decisions and conduct.

62. Defendant has used and employed unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce.

63. Defendant's acts and practices are immoral, unethical, oppressive and unscrupulous.

64. Defendant's conduct is substantially injurious to consumers. Such conduct has, and continues to cause, substantial injury to consumers because consumers would not have paid such a high price for the Products but for Defendant's false promotion of the Product's electrical storage capacity. Consumers have thus overpaid for the Products and such injury is not outweighed by any countervailing benefits to consumers or competition.

65. No benefit to consumers or competition results from Defendant's conduct. Since reasonable consumers are deceived by Defendant's representations of the Products and they were injured as a result, consumers could not have reasonably avoided such injury.

66. The foregoing unfair and deceptive practices directly, foreseeably and proximately caused Plaintiff and the Multi-State Class to suffer an ascertainable loss when they paid a premium for the Products.

67. The practices discussed above all constitute unfair competition or unfair, unconscionable, deceptive, or unlawful acts or business practices in violation of at least the following state consumer protection statutes:[1]

(a) **Arkansas Deceptive Trade Practices Act**, Ark. Code Ann. § 4-88-101, *et seq.*;

(b) **California Consumer Legal Remedies Act,** Cal. Civ. Code § 1750, *et seq.*,

(c) **California Unfair Competition Law,** Cal. Bus. & Prof. Code § 17200, *et seq.*;

(d) **Florida Deceptive and Unfair Trade Practices Act,** Fla. Stat. § 501.201, *et seq.*;

(e) **Georgia's Uniform Deceptive Trade Practices Act,** Ga. Code Ann. § 10-1-370, *et seq.*;

(f) **Georgia's Unfair Business Practices Act,** Ga. Code Ann. § 10-1-390, *et seq.*;

(a) **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp. Stat. § 505/1, *et seq.*;

(b) **Massachusetts Regulation of Business Practices for Consumers' Protection Act**, Mass. Gen. Laws Ann. ch. 93A, § 1 *et seq.*;

(c) **Michigan Consumer Protection Act,** Mich. Comp. Laws § 445.901 *et seq.*;

(d) **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, *et seq.*;

---

[1] There is no material conflict between these state statutes because these state statutes (1) do not require reliance by unnamed class members; (2) do not require scienter; and (3) allow class actions.

    (e) **New York Deceptive Acts and Practices Act**, N.Y. Gen. Bus. Law § 349, *et seq.*;

    (f) **North Carolina Unfair and Deceptive Trade Practices Act,** N.C. Gen. Stat. § 75-1.1(a).

    (g) **Ohio's Consumers Sales Practice Act,** Ohio Revised Code § 1345, *et seq.*

    (h) **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, *et seq.*;

68.    The foregoing unfair and deceptive practices directly, foreseeably and proximately caused Plaintiff and the Multi-State Class to suffer an ascertainable loss when they paid a premium for the Products over comparable products.

69.    Plaintiff and the Multi-State Class are entitled to recover damages and other appropriate relief, as alleged below.

## COUNT V
**(Breach of Express Warranty on Behalf of Plaintiff and the Multi-State Class)**

70.    Plaintiff incorporates by reference and realleges herein all paragraphs alleged above.

71.    Defendant's representations regarding the Products' capacity constitute affirmations of fact.

72.    Defendant's representations that the Products' capacity is greater than it really is relates to the goods and became part of the basis of the bargain between Defendant and purchasers of the Products.

73.    Plaintiff and members of the Multi-State Class purchased the Products, believing that they conformed to the express warranties.

74.    As set forth in the paragraphs above, Defendant's statements concerning the

Products are false.

75. All conditions precedent to Defendant's liability under the above-referenced contract have been performed by Plaintiff and the other members of the Multi-State Class.

76. Defendant breached its express warranties about the Products because, as alleged above, the Products' capacity was lower than Defendant represented. Defendant therefore breached the applicable state statutes and common law.

77. As a result of Defendant's breaches of express warranty, Plaintiff and the other members of the Multi-State Class were damaged in the amount of the purchase price they paid for the Products, or in the amount they paid based upon the misrepresentations, in amounts to be proven at trial.

78. On July 18, 2018, within a reasonable time after he knew or should have known of such breach, Plaintiff, on behalf of himself and the other members of the Multi-State Class, placed Defendant on notice thereof.

79. As a proximate result of the breach of warranties by Defendant, Plaintiff and the other members of the Multi-State Class did not receive goods as warranted. Among other things, Plaintiff and the members of the Multi-State Class did not receive the benefit of the bargain and have suffered other injuries as detailed above. Moreover, had Plaintiff and the members of the Multi-State Class known the true facts, they either would not have purchased the Products, or would not have been willing to pay the price Defendant charged for the Products.

80. Wherefore Plaintiff, on behalf of the Multi-State Class, prays for relief as set forth herein.

## COUNT VI
### (Unjust Enrichment on Behalf of Plaintiff and the Classes)

81. Plaintiff repeats, realleges, and incorporates by reference each of the foregoing allegations as though fully set forth herein.

82. Plaintiff and the other members of the Classes conferred benefits on Defendant by purchasing the Products and paying a greater price for them than they would have if Defendant had truthfully represented the Products' capacity.

83. Defendant has knowledge of such benefits.

84. Defendant's representations that the capacity of the Products is greater than it actually is constitutes an affirmation of fact that is part of the basis of the bargain between Defendant and purchasers of the Products.

85. Defendant made the above-referenced representations in order to induce the Plaintiff and the other members of the Classes to purchase, purchase more of, or pay more for the Products than they otherwise would have. Plaintiff and the other members of the Classes relied on these representations in purchasing the Products.

86. As a result of Defendant's deceptive, fraudulent and misleading labeling, advertising and marketing of the Products, the Plaintiff and other members of the Classes were induced to purchase and pay more for the Products than they otherwise would have.

87. Plaintiff and the members of the Classes were unjustly deprived of payments because they would not have purchased, or would have purchased less of, or would have paid less for the Products if true facts had been known.

88. Defendant was enriched at the expense of Plaintiff and the other members of the Classes, thereby creating a quasi-contractual obligation on Defendant to restore those ill-gotten gains to Plaintiff and the other members of the Classes.

89. Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits that it received from Plaintiff and the other members of the Classes, in light of the fact that the Products they purchased were not what Defendant purported them to be. Thus, it would be unjust or inequitable for Defendant to retain the benefit without restitution to Plaintiff and the other members of the Classes for the monies paid to Defendant for the Products.

90. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and the members of the Classes are entitled to restitution or restitutionary disgorgement, in an amount to be proven at trial.

91. Wherefore Plaintiff, on behalf of the Classes, prays for relief as set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on behalf of himself and the Classes against Defendant as follows:

A. An order certifying the proposed Classes, appointing Plaintiff as the representative of the Classes, and appointing Plaintiff's undersigned counsel as counsel for the Classes;

B. A declaration that Defendant is financially responsible for notifying the Classes of the pendency of this suit;

C. A declaration that Defendant misrepresented the Products' capacity;

D. An order requiring proper, complete, and accurate labeling of the Products;

E. An order awarding to Plaintiff and the other members of the Classes damages, including punitive damages;

F. An order requiring Defendant to disgorge, for the benefit of Plaintiff and the members of the Classes, all or part of the ill-gotten revenue it received from the sale of the Products, or make full restitution thereof to Plaintiff and the other members of the Classes;

G. An order awarding attorneys' fees and costs as allowed by law;

H. An award of pre-judgment and post-judgment interest;

I. An order enjoining Defendant's unlawful and deceptive acts and practices;

J. Such other relief as may be appropriate under the circumstances.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by jury.

Dated: November 14, 2018

By: *[signature: Randall K. Pulliam]*
Randall K. Pulliam
Joseph Henry (Hank) Bates
**CARNEY BATES & PULLIAM, PLLC**
519 West 7th Street
Little Rock, Arkansas 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505
rpulliam@cbplaw.com
hbates@cbplaw.com

D. Greg Blankinship (*pro hac forthcoming*)
Jean Sedlak (*pro hac forthcoming*)
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
445 Hamilton Ave, Suite 605
White Plains, New York 10601
Telephone: (914) 298-3290
gblankinship@fbfglaw.com
jsedlak@fbfglaw.com

*Attorneys for Plaintiff and the Proposed Classes*