IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL HESTER, ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED                                              PLAINTIFF

v.                           Case No. 5:18-CV-05225-TLB

WALMART, INC.                                                                    DEFENDANT

## WALMART, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Plaintiff Michael Hester seeks to represent a class of individuals who purchased a portable phone charger ("Power Bank") sold by Walmart, Inc. ("Walmart"). Plaintiff alleges that Walmart improperly advertises certain Power Banks it sells as having a greater battery storage capacity than they actually have. Yet there is a fundamental flaw in Plaintiff's complaint; he never alleges that *the Power Bank that he purchased* has a storage capacity of less than 2200 mAh, the amount he alleges Walmart represented to him. Instead, the entire basis of his complaint – and the sprawling multi-state class he hopes to represent – is that *some other Power Bank* that Plaintiff allegedly had obtained from an unknown location and had tested at an unknown time had a capacity of only 1916 mAh.

Absent any plausible factual allegations demonstrating that *the Power Bank he purchased* did not have the advertised capacity of 2200 mAh, Plaintiff's complaint fails for two important, albeit interrelated, reasons. First, Plaintiff fails to demonstrate Article III standing to bring this lawsuit because he has failed to allege any injury-in-fact from Walmart's supposed misrepresentation. Second, Plaintiff's complaint fails to adequately plead that he was injured in any way, much less that he suffered damages, from Walmart's alleged misrepresentation. Plaintiff's complaint should therefore be dismissed under both Rule 12(b)(1), due to a lack of

subject-matter jurisdiction, and Rule 12(b)(6), due to a failure to state a claim upon which relief can be granted.

## BACKGROUND

A Power Bank is a small, portable battery that can be used to recharge a cell phone, tablet, or similar device. (ECF 1 at ¶ 2.) The storage capacity of Power Banks is expressed in milliampere-hours ("mAh"); the greater the mAh, the longer a Power Bank can recharge other products before the Power Bank itself must be recharged. (*Id.*) Walmart sells Power Banks under its Onn store label. (ECF 1 at ¶ 3.) Plaintiff alleges that Walmart "prominently represents the [Power Banks'] capacity as measured in mAh." (*Id.* at 15.)

Plaintiff alleges that "[i]n or around 2016," he purchased an Onn 2200 mAh Power Bank from a Walmart store in Carrolton, Georgia. (ECF 1 at ¶ 9.) Plaintiff alleges that he purchased his Power Bank based upon Walmart's representation that its capacity is 2200 mAh and that he would not have purchased his Power Bank (or would have paid less for it) had he known that its capacity was less than 2200 mAh. (*Id.*)

Plaintiff alleges that "testing has shown that Defendant has substantially inflated the Products' mAh ratings." (ECF 1 at ¶ 16.) Plaintiff, however, never alleges what any "testing has shown that" the capacity of *his Power Bank* is. Instead, Plaintiff alleges as follows:

> Plaintiff tested an Onn Power Bank represented to have 2200mAh capacity (*the same model Plaintiff purchased*) using a skilled and experienced testing company. Those test results revealed that the capacity was actually only 1916mAh.

(*Id.* (emphasis added).) Plaintiff alleges that Walmart knew that the mAh capacity on the Onn Power Banks it sold is less than represented and that Walmart misrepresented the capacity in order to obtain a premium for them. (*Id.*)

On November 14, 2018, Plaintiff filed the instant action, seeking to represent himself and a putative class of purchasers of Onn Power Banks from Walmart. Plaintiff seeks to bring a class of Georgia residents or, alternatively, a multi-state class of residents of Arkansas, California, Florida, Georgia, Illinois, Massachusetts, Michigan, New Jersey, New York, North Carolina, Ohio, and Washington. (ECF 1 at ¶¶ 18-19.) Plaintiff brings claims for breach of express warranty, violations of various state deceptive trade practice statutes, and for unjust enrichment.

## ARGUMENT

Plaintiff alleges that there are potentially thousands of purchasers of Onn Power Banks that are members of the class he seeks to represent. Yet the entirety of his case rests upon his alleged testing of *a single Power Bank*. More important, however, is that the one Power Bank he tested *was not the one he purchased*. In short, Plaintiff cannot and does not allege that the Power Bank he purchased – and the one upon which he seeks relief – does not have a storage capacity of 2200 mAh. Absent any plausible allegations demonstrating that the capacity of his own Power Bank was misrepresented, his complaint fails both for a lack of Article III standing and for a failure to state a plausible claim for relief. As such, this Court should dismiss the complaint.

**I.     THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(1) BECAUSE PLAINTIFF HAS NOT ALLEGED AN INJURY-IN-FACT SUFFICIENT TO SUPPORT ARTICLE III STANDING.**

A necessary prerequisite of any case in federal court is the existence of Article III standing. The Eighth Circuit has held that "[t]o show standing, a plaintiff bears the burden of establishing 'injury in fact … that is fairly traceable to the challenged action of the defendant, and likely [to] be redressed by a favorable decision.'" *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 616 (2011) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009)). That "injury in fact" must be both "(a) concrete and particularized, and (b) actual or imminent, not

conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also George v. Uponor Corp.*, 988 F. Supp. 2d 1056, 1068 (D. Minn. 2013) ("Standing is a threshold jurisdictional issue, requiring a plaintiff to establish an actual injury suffered as the result of the defendant's conduct.". Plaintiff's complaint, however, satisfies none of these requirements and therefore should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.

Plaintiff's complaint is devoid of any facts demonstrating that *his* Power Bank has a capacity less than 2200 mAh and thus that he suffered an "actual injury" from Walmart's alleged misrepresentations. Instead, Plaintiff alleges that *another* Power Bank had a capacity of less than 2200 mAh and then appears to believe that this Court may simply *assume* that all of the thousands of Power Banks that Walmart allegedly sold to members of the putative class – including Plaintiff – had similar capacities. (ECF 1 at 16.) Nowhere, however, does Plaintiff allege a single fact demonstrating that *any* Power Bank other than the one example he allegedly tested – much less the Power Bank that he actually purchased and upon which he bases his complaint – did not have a capacity of 2200 mAh. Plaintiff's complaint is also void of any facts from which this Court could plausibly infer that the Power Bank he allegedly tested is completely identical to every other Power Bank sold by Walmart, again much less his own. Plaintiff does not disclose, among other things, how the tested Power Bank was obtained, when it was purchased, where it was purchased, or so forth. Perhaps most telling, however, is that Plaintiff fails to explain why he did not test the Power Bank upon which he is now suing. Absent such basic facts, there is no basis to assume that the Power Bank he purchased in 2016 shares the same alleged flaw as the Power Bank he claims to have tested. To the contrary, the most plausible conclusion from the allegations of the complaint is that the Plaintiff has not been able to replicate the alleged test results in his own Power Bank.

Plaintiff cannot demonstrate Article III standing without allegations plausibly showing that his own Power Bank – not someone else's Power Bank – had a storage capacity below 2200 mAh. To the contrary, in order establish Article III standing, a "plaintiff must plausibly allege her purchased product 'actually exhibited the alleged defect.'" *George*, 988 F. Supp. 2d at 1068 (quoting *Zurn*, 644 F.3d at 616); *see also Hadley v. Chrysler Group, LLC*, 624 Fed. Appx. 374, 378 (6th Cir. 2015) (finding that plaintiffs lacked standing when they failed to allege that their automobile ever suffered from the defect in question). "It 'is not enough' for a plaintiff 'to allege that a product line contains a defect or that a product is at risk for manifesting this defect; rather, the plaintiffs must allege that their product actually exhibited the alleged defect.'" *Zurn*, 644 F.3d at 616 (quoting *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 503 (8th Cir. 2009)). In summary, "standing requires *'actual' injury, not likely injury*." *George*, 988 F. Supp. 2d at 1070 (emphasis added) (dismissing claims where plaintiffs failed to allege any reason to believe that all products in a line shared the same defect).

At most, Plaintiff's complaint alleges that another Power Bank sold by Walmart at some unidentified time and place has a capacity below 2200 mAh, and that his Power Bank might suffer from the same flaw. Such allegations do not meet his burden of alleging facts sufficient to demonstrate the "injury in fact" that the Supreme Court and the Eighth Circuit have explained is necessary to create Article III standing. Because Plaintiff does not have Article III standing to bring this case, this Court lacks subject-matter jurisdiction and the complaint should be dismissed pursuant to Rule 12(b)(1).

## II.  THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff's failure to allege facts sufficient to demonstrate that Walmart misrepresented the storage capacity of *his* Power Bank is also fatal under Rule 12(b)(6). This Court must "accept the

factual allegations of the complaint as true, but the allegations must supply 'facts sufficient to state a claim to relief that is plausible on its face.'" *O'Neil*, 574 F.3d at 503 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). For the same reasons that Plaintiff's pleading failures demonstrate that he has no standing to sue, those pleading failures demonstrate that he does not state a claim upon which relief can be granted. Indeed, "in most cases 'the question of whether [a plaintiff] has a cognizable injury sufficient to confer standing is closely bound up with the question of whether or how the law will grant him relief.'" *Zurn*, 644 F.3d at 616 (quoting *Braden*, 588 F.3d at 591).

The Eighth Circuit has recognized that "courts have been particularly vigilant in requiring allegations of injury or damages in products liability cases." *Briehl v. General Motors Corp.*, 172 F.3d 623, 628 (1999) (collecting cases). Georgia law, upon which Plaintiff purports to sue, similarly requires a showing of injury and damages to recover. *See, e.g.*, *Edel v. Southtowne Motors of Newnan II, Inc.*, 338 Ga. App. 376, 380 (2016) (rejecting Fair Business Practices claim absent showing of "actual damages"); *Jefferson v. Houston Hotels, Inc.*, 336 Ga. App. 478, 487 (2016) (rejecting breach of warranty claim "based upon their failure to show damages"). As *Briehl* recognizes, the absence of such allegations is fatal to a product liability complaint, no matter what the theory. 172 F.3d at 628.

Here, however, Plaintiff has failed to allege that *his* Power Bank has a reduced capacity or that it did not perform as he anticipated in any way whatsoever. He simply speculates that because some other Power Bank has a reduced capacity, his probably does as well. That is not enough. The Eighth Circuit could not be clearer that in order to state a claim, Plaintiff must allege it is *his product*, not the "product line," that is defective. *Zurn*, 644 F.3d at 616; *O'Neil v. Simplicity, Inc.*, 574 F.3d at 503; *see also George*, 988 F. Supp. 2d at 1070.

The Eastern District of Michigan recently rejected a similar attempt to bootstrap an alleged defect in one alleged exemplar product into a plausible allegation that thousands of products suffered the same defect. *Bledsoe v. FCA US LLC*, 307 F. Supp. 3d 646 (E.D. Mich. 2018). In *Bledsoe*, the plaintiffs alleged that emissions testing performed on a single automobile supported the existence of an identical defect in other automobiles. *Id.* at 657. In dismissing the proposed automotive defect class action, the court stated:

> Thus, Plaintiffs' allegations of the presence of a defect or a defeat device in the identified vehicles, based on results of their PEMS testing on a single Truck, are conclusory; they are not founded on specific allegations of fact. The court may not accept as true Plaintiffs' conclusory allegations regarding the performance of vehicles generally (other than the one tested) and the presence of defeat devices or a defective emissions system in any of the vehicles.

*Id.* Similarly, Plaintiff's reliance on a single test of one, unidentified Power Bank fails to allege that any other Power Bank is defective in a manner capable of satisfying the plausibility requirement under *Twombly*:

> Standing alone, Plaintiffs' PEMS results from one tested vehicle do not raise a plausible inference of wrongdoing because they do not "permit the court to infer more than the mere possibility" that the Affected Vehicles perform as alleged by Plaintiffs. See *Iqbal*, 55 U.S. at 679.

*Id.* Because the complaint is devoid of any allegations creating a plausible inference that the Power Bank he allegedly tested is somehow representative of the Power Bank that he tested and upon which he brings suit, it should be dismissed for failure to state a claim upon which relief can be granted.

For each of these reasons, therefore, Walmart respectfully requests that the complaint be dismissed and for such further and other relief as to which it may be entitled.

        Vincent O. Chadick (94075)
        QUATTLEBAUM, GROOMS & TULL PLLC
        4100 Corporate Center Drive, Suite 310
        Springdale, Arkansas 72762
        Telephone: (479) 444-5200
        Facsimile: (479) 444-6647
        vchadick@qgtlaw.com

        QUATTLEBAUM, GROOMS & TULL PLLC
        111 Center Street, Suite 1900
        Little Rock, Arkansas  72201
        Telephone: (501) 379-1700
        Facsimile: (501) 379-1701
        cpekron@qgtlaw.com


        By: /s/ Chad W. Pekron
            Chad W. Pekron (2008144)

        *Attorneys for Walmart, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of January 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.

                                    /s/ Chad W. Pekron
                                    Chad W. Pekron