IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL HESTER                                                          PLAINTIFF

v.                                    Case No. 5:18-CV-05225-TLB

WALMART INC.                                                           DEFENDANT

## WALMART INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Walmart Inc. ("Walmart"), for its Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint ("Amended Complaint), respectfully states as follows:

1.      Walmart admits the allegations of the final sentence of Paragraph 1 of the Amended Complaint.  Walmart lacks information sufficient to admit or deny the remaining allegations of Paragraph 1 of the Amended Complaint and therefore denies them.

2.      Walmart admits the allegations of the first two sentences of Paragraph 2 of the Amended Complaint.  Walmart lacks information sufficient to admit or deny the remaining allegations of Paragraph 2 of the Amended Complaint and therefore denies them.

3.      Walmart admits the allegations of the first sentence of Paragraph 3 of the Amended Complaint.  Walmart denies the remaining allegations of Paragraph 3 of the Amended Complaint.

4.      Walmart denies the allegations of Paragraph 4 of the Amended Complaint.

5.      Walmart admits that plaintiff has brought a class action complaint but denies the remaining allegations of Paragraph 5 of the Amended Complaint.

6.      Walmart admits that jurisdiction is proper in this Court.

7.      Walmart admits that personal jurisdiction is proper in this Court.

8.      Walmart admits that venue is proper in this Court.

9.      Walmart lacks information sufficient to admit or deny the allegations of Paragraph 9 of the Amended Complaint and therefore denies them.

10.     Walmart lacks information sufficient to admit or deny the allegations of Paragraph 10 of the Amended Complaint and therefore denies them.

11.     Walmart admits the allegations in Paragraph 11 of the Amended Complaint.

12.     Walmart lacks information sufficient to admit or deny the allegations of Paragraph 12 of the Amended Complaint and therefore denies them.

13.     Walmart lacks information sufficient to admit or deny the allegations of Paragraph 13 of the Amended Complaint and therefore denies them.

14.     Walmart lacks information sufficient to admit or deny the allegations of Paragraph 14 of the Amended Complaint and therefore denies them.

15.     Walmart admits the allegations of the first sentence of Paragraph 15 of the Amended Complaint.  Walmart denies the remaining allegations of Paragraph 15 of the Amended Complaint.

16.     Walmart lacks information sufficient to admit or deny the allegations of Paragraph 16 of the Amended Complaint and therefore denies them.

17.     Walmart lacks information sufficient to admit or deny the allegations of Paragraph 17 of the Amended Complaint and therefore denies them.

18.     Walmart lacks information sufficient to admit or deny the allegations of Paragraph 18 of the Amended Complaint and therefore denies them.

19.     Walmart lacks information sufficient to admit or deny the allegations of Paragraph 19 of the Amended Complaint and therefore denies them.

20.     Walmart denies the allegations of Paragraph 20 of the Amended Complaint.

21.     Walmart admits the allegations of the first sentence of Paragraph 21 of the Amended Complaint, and further admits that the conversion process reduces the power available to charge PEDs.  Walmart denies the remaining allegations of Paragraph 21 of the Amended Complaint.

22.     Walmart denies the allegations of Paragraph 22 of the Amended Complaint.

23.     Walmart denies the allegations of the first sentence of Paragraph 23 of the Amended Complaint.  Walmart states that the document described in the second sentence of Paragraph 23 of the Amended Complaint speaks for itself, and further states that Plaintiff mischaracterizes the contents of this document.

24.     Walmart denies the allegations of Paragraph 24 of the Amended Complaint.

25.     Walmart lacks information sufficient to admit or deny the allegations of the first sentence of Paragraph 25 of the Amended Complaint and therefore denies them.  Walmart denies the remaining allegations of Paragraph 25 of the Amended Complaint.

26.     Walmart denies the allegations of Paragraph 26 of the Amended Complaint.

27.     Walmart admits that Plaintiff purports to bring a class action, as stated in Paragraph 27 of the Amended Complaint, but denies that class treatment is appropriate.

28.     Walmart admits that Plaintiff purports to bring a class action, as stated in Paragraph 28 of the Amended Complaint, but denies that class treatment is appropriate.

29.     Walmart lacks information sufficient to admit or deny the allegations of Paragraph 29 of the Amended Complaint and therefore denies them.

30.     Walmart states that the allegations of Paragraph 30 of the Amended Complaint state legal conclusions to which no answer is required.  To the extent an answer is required, Walmart denies the allegations.

31.     Walmart denies the allegations of Paragraph 31 of the Amended Complaint.

32.     Walmart lacks information sufficient to admit or deny the allegations of Paragraph 32 of the Amended Complaint and therefore denies them.

33.     Walmart states that the allegations of Paragraph 33 of the Amended Complaint state legal conclusions to which no answer is required.  To the extent an answer is required, Walmart denies the allegations.

34.     Walmart denies the allegations of Paragraph 34 of the Amended Complaint.

35.     Walmart denies the allegations of Paragraph 35 of the Amended Complaint.

36.     Walmart states that the allegations of Paragraph 36 of the Amended Complaint state legal conclusions to which no answer is required.  To the extent an answer is required, Walmart denies the allegations.

37.     Walmart states that the allegations of Paragraph 37 of the Amended Complaint state legal conclusions to which no answer is required.  To the extent an answer is required, Walmart denies the allegations.

38.     Walmart incorporates its responses to Paragraphs 1-37 as if fully set forth herein.

39.     Walmart states that the allegations of Paragraph 39 of the Amended Complaint state legal conclusions to which no answer is required.  To the extent an answer is required, Walmart denies the allegations.

40.     Walmart states that the allegations of Paragraph 40 of the Amended Complaint state legal conclusions to which no answer is required.  To the extent an answer is required, Walmart denies the allegations.

41.     Walmart lacks information sufficient to admit or deny the allegations of Paragraph 41 of the Amended Complaint and therefore denies them.

42.     Walmart denies the allegations of Paragraph 42 of the Amended Complaint.

43.     Walmart denies the allegations of Paragraph 43 of the Amended Complaint.

44.     Walmart denies the allegations of Paragraph 44 of the Amended Complaint.

45.     Walmart denies the allegations of Paragraph 45 of the Amended Complaint.

46.     Walmart denies the allegations of Paragraph 46 of the Amended Complaint.

47.     Walmart denies the allegations of Paragraph 47 of the Amended Complaint.

48.     Walmart admits that Plaintiff sent a letter to Walmart dated July 18, 2018.  Walmart denies the remaining allegations of Paragraph 48 of the Amended Complaint.

49.     Walmart admits that plaintiff seeks damages in an amount to be determined at trial, but denies such damages are warranted.

50.     Walmart incorporates its responses to Paragraphs 1-49 as if fully set forth herein.

51.     Walmart states that the allegations of Paragraph 51 of the Amended Complaint state legal conclusions to which no answer is required.  To the extent an answer is required, Walmart denies the allegations.

52.     Walmart states that the allegations of Paragraph 52 of the Amended Complaint state legal conclusions to which no answer is required.  To the extent an answer is required, Walmart denies the allegations.

53.     Walmart denies the allegations of Paragraph 53 of the Amended Complaint.

54.     Walmart denies the allegations of Paragraph 54 of the Amended Complaint.

55.     Walmart denies the allegations of Paragraph 55 of the Amended Complaint.

56.     Walmart admits that Plaintiff seeks the relief requested in Paragraph 56 of the Amended Complaint, but denies that such relief is appropriate.

57.     Walmart incorporates its responses to Paragraphs 1-56 as if fully set forth herein.

58.     Walmart states that the allegations of Paragraph 58 of the Amended Complaint state legal conclusions to which no answer is required.  To the extent an answer is required, Walmart denies the allegations.

59.     Walmart denies the allegations of Paragraph 59 of the Amended Complaint.

60.     Walmart denies the allegations of Paragraph 60 of the Amended Complaint.

61.     Walmart denies the allegations of Paragraph 61 of the Amended Complaint.

62.     Walmart denies the allegations of Paragraph 62 of the Amended Complaint

63.     Walmart states that the allegations of the first sentence of Paragraph 63 of the Amended Complaint state legal conclusions to which no answer is required.  Walmart denies the remaining allegations of Paragraph 63 of the Amended Complaint.

64.     Walmart denies the allegations of Paragraph 64 of the Amended Complaint.

65.     Walmart denies the allegations of Paragraph 65 of the Amended Complaint.

66.     Walmart admits that Plaintiff seeks the relief requested in Paragraph 66 of the Amended Complaint, but denies that such relief is appropriate.

67.     Walmart admits that Plaintiff sent a letter to Walmart dated July 18, 2018.  Walmart denies the remaining allegations of Paragraph 67 of the Amended Complaint.

68.     Walmart incorporates its responses to Paragraphs 1-67 as if fully set forth herein.

69.     Walmart states that the allegations of Paragraph 69 of the Amended Complaint state legal conclusions to which no answer is required.  To the extent an answer is required, Walmart denies the allegations.

70.     Walmart lacks information sufficient to admit or deny the allegations of Paragraph 70 of the Amended Complaint and therefore denies them.

71.     Walmart denies the allegations of Paragraph 71 of the Amended Complaint.

72.     Walmart denies the allegations of Paragraph 72 of the Amended Complaint.

73.     Walmart denies the allegations of Paragraph 73 of the Amended Complaint.

74.     Walmart denies the allegations of Paragraph 74 of the Amended Complaint.

75.     Walmart denies the allegations of Paragraph 75 of the Amended Complaint.

76.     Walmart denies the allegations of Paragraph 76 of the Amended Complaint, including the footnote to Paragraph 76 of the Amended Complaint.

77.     Walmart denies the allegations of Paragraph 77 of the Amended Complaint.

78.     Walmart denies the allegations of Paragraph 78 of the Amended Complaint.

79.     Walmart incorporates its responses to Paragraphs 1-78 as if fully set forth herein.

80.     Walmart states that the allegations of Paragraph 80 of the Amended Complaint state legal conclusions to which no answer is required.  To the extent an answer is required, Walmart denies the allegations.

81.     Walmart denies the allegations of Paragraph 81 of the Amended Complaint.

82.     Walmart denies the allegations of Paragraph 82 of the Amended Complaint.

83.     Walmart denies the allegations of Paragraph 83 of the Amended Complaint.

84.     Walmart lacks information sufficient to admit or deny the allegations of Paragraph 84 of the Amended Complaint and therefore denies them.

85.     Walmart denies the allegations of Paragraph 85 of the Amended Complaint.

86.     Walmart denies the allegations of Paragraph 86 of the Amended Complaint.

87.     Walmart admits that Plaintiff sent a letter to Walmart dated July 18, 2018.  Walmart denies the remaining allegations of Paragraph 87 of the Amended Complaint.

88.     Walmart denies the allegations of Paragraph 88 of the Amended Complaint.

89.     Walmart admits that Plaintiff requests relief as set forth in his Amended Complaint, but denies that such relief is available.

90.     Walmart incorporates its responses to Paragraphs 1-89 as if fully set forth herein.

91.     Walmart denies the allegations of Paragraph 91 of the Amended Complaint.

92.     Walmart denies the allegations of Paragraph 92 of the Amended Complaint.

93.     Walmart denies the allegations of Paragraph 93 of the Amended Complaint.

94.     Walmart denies the allegations of Paragraph 94 of the Amended Complaint.

95.     Walmart denies the allegations of Paragraph 95 of the Amended Complaint.

96.     Walmart denies the allegations of Paragraph 96 of the Amended Complaint.

97.     Walmart denies the allegations of Paragraph 97 of the Amended Complaint.

98.     Walmart denies the allegations of Paragraph 98 of the Amended Complaint.

99.     Walmart denies the allegations of Paragraph 99 of the Amended Complaint.

100.    Walmart denies that Plaintiff is entitled to any of the relief requested in Paragraph 100 of the Amended Complaint and in Plaintiff's Prayer for Relief.

101.    Walmart acknowledges that Plaintiff seeks a jury trial.

102.    Walmart denies any allegations not specifically and directly admitted in this answer.

103.    Walmart affirmatively asserts that the Amended Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

104.    Walmart affirmatively asserts that the Amended Complaint is barred, in whole or in part, by the statute of limitations and/or estoppel.

105.     Walmart affirmatively asserts the defenses of voluntary payment, ratification, and consent.

106.     Walmart affirmatively asserts that the Power Banks at issue in this case were measured and labeled in accordance with industry standards and therefore were not misrepresented to the members of the putative class.

107.     Walmart affirmatively asserts that Plaintiff and the putative class members lack standing because, *inter alia*, they have sustained no damages, and if they have sustained damages, such damages were not related to Walmart's conduct.

108.     Walmart affirmatively asserts that all claims are barred, in whole or in part, to the extent there is no legal injury.

109.     Walmart affirmatively asserts that all claims against Walmart are barred, in whole or in part, because Plaintiff and the putative class members were not actually deceived by any statements or omissions by Walmart.

110.     Walmart affirmatively asserts that all claims against Walmart are barred, in whole or in part, because Plaintiff and the putative class members did not actually rely on any statements or omissions by Walmart.

111.     Walmart affirmatively asserts that all claims against Walmart are barred, in whole or in part, by reason of the failure to give proper notice.

112.     Walmart affirmatively asserts that all claims are barred, in whole or in part, insofar as they seek equitable relief for claims for which there is an adequate legal remedy.

113.     Walmart affirmatively asserts that if any warranty, guarantee, or other representation with respect to any of the products involved in this case was made by Walmart, then each such warranty, guarantee or representation was fully satisfied.

114.    Walmart affirmatively asserts that, if any warranty, guarantee, or other representation with respect to any of the products involved in this case was made by Walmart, then the claims are barred by reason of the failure to comply with conditions precedent.

115.    Walmart affirmatively asserts that the damages claimed by Plaintiff and the putative class members resulted from their own conduct so that all claims are barred, in whole or in part, by the comparative negligence, fault, or responsibility of causation attributed to Plaintiff and the putative class members. Thus, all claims should be dismissed, reduced, offset, or barred in accordance with the principles of comparative fault.

116.    Walmart affirmatively asserts that, if Plaintiff or the putative class members sustained damages by reason of the matters alleged in the complaint, which is denied, then said damages were caused solely by or contributed to by the acts or fault of third parties over whom Walmart had no control, including, but not limited to, the manufacturer of the Power Banks, and were not caused or contributed to by any acts or fault of Walmart, its officers, agents, contractors, servants, employees, or others for whom it was responsible.  Any recovery by Plaintiff or the putative class members should be apportioned in direct proportion to such fault in accordance with applicable law.

117.    Walmart hereby pleads all defenses and principles set forth in the Uniform Contribution Among Joint Tortfeasors Act or any other applicable law that provides for the allocation of fault, contribution, and/or indemnity amongst joint tortfeasors.

118.    Walmart affirmatively asserts that its fault, if any, should be allocated to all persons or entities responsible for the alleged injury, whether or not such persons or entities are named as parties to the action, and further states that it can only be liable for the amount of damages in direct proportion to its percentage of fault.

119.    Walmart affirmatively asserts that it cannot be held jointly liable for any judgment entered against any other actor, party, or defendant in this matter and that its liability, if any, is several only in nature.

120.    Walmart affirmatively asserts that, if any damage has been sustained by Plaintiff, which Walmart denies, Plaintiff failed to take all reasonable steps to mitigate its alleged damages.

121.    Walmart affirmatively asserts that it bears no responsibility for misinformation or lack of information provided to Plaintiff and the putative class members by others.

122.    Walmart affirmatively asserts that Plaintiff's damages, if any, were proximately caused by unforeseeable, independent, intervening, or superseding events beyond the control and unrelated to the conduct of Walmart.  The actions and omissions of Walmart, if any, were superseded by such unforeseeable, independent, intervening, and superseding events.  Walmart affirmatively states that class treatment is not available in this case to the extent Plaintiff seeks to provide notice of a breach of warranty on behalf of putative class members.

123.    Walmart affirmatively asserts that class treatment is not available in this case because individualized issues predominate over issues properly subject to class treatment, including, but not limited to, the following:

> (a) the individualized understanding that each putative class member reached regarding the capacity of the Power Banks, given that the issue identified in the Amended Complaint is widely-known;
>
> (b) the individualized factors motivating each putative class member's purchasing decisions; and
>
> (c) the individualized knowledge that each class member had of the alleged misrepresentations.

11

124.    Walmart affirmatively asserts that Plaintiff does not have standing to represent a class of purchasers of Power Banks from states other than his home state of Georgia.

125.    Walmart affirmatively states that class treatment is not available in this case because Plaintiff's claims are not typical of the other members of the putative class, for the reasons stated in Paragraph 105 hereto.

126.    Walmart affirmatively states that class treatment is not available in this case because it is not a superior means for the adjudication of this controversy.

127.    Walmart reserves its right to amend its Answer to the Amended Complaint, including its affirmative defenses, in any manner that investigation and discovery may reveal is appropriate.

WHEREFORE, for the foregoing reasons, Walmart Inc. prays that this Court enter an order dismissing Plaintiff's First Amended Class Action Complaint, and granting to it its costs and attorneys' fees and all other just and proper relief.

Vincent O. Chadick (94075)
QUATTLEBAUM, GROOMS & TULL PLLC
4100 Corporate Center Drive, Suite 310
Springdale, Arkansas 72762
Telephone:  (479) 444-5200
Facsimile:  (479) 444-6647
vchadick@qgtlaw.com

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas  72201
Telephone:  (501) 379-1700
Facsimile:  (501) 379-1701
cpekron@qgtlaw.com

By: /s/ Chad W. Pekron
      Chad W. Pekron (2008144)

*Attorneys for Walmart, Inc.*

12