IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MICHAEL HESTER, on Behalf of Himself and**
**All Others Similarly Situated**                                            **PLAINTIFF**

**v.**                          **CASE NO. 5:18-CV-5225**

**WALMART, INC.**                                                             **DEFENDANT**

### PHASE ONE CASE MANAGEMENT ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED**:

**1.    DISCOVERY**

Discovery in this case will be bifurcated. The first phase of discovery will be limited to issues relevant to a possible Plaintiff's motion for Rule 23 class certification. The deadline for completion of phase one discovery is **JANUARY 6, 2020**.

Prior to filing a discovery motion, the parties must (i) engage in a substantive good faith effort to amicably resolve the dispute without court intervention (to include at least one verbal discussion), and then, if necessary, (ii) the parties must schedule a conference call with the Court to discuss the dispute. In the event a discovery dispute cannot be informally resolved by the Court, then a formal motion must be filed sufficiently in advance of the discovery deadline to allow for a proper response time under the rules. The length of any such motions and supporting memorandum shall not exceed ten (10) pages in length (excluding exhibits). A response to a discovery motion, with the same page limitations, should be promptly filed.

**2. MOTION FOR RULE 23 CLASS CERTIFICATION**

Plaintiff's motion to certify a Rule 23 class must be filed no later than **JANUARY 27, 2020**.

Defendant's response will be due on **MARCH 16, 2020**.

The reply will be due on **MAY 4, 2020.**[1]

A hearing on the class certification motion will occur on **May 27, 2020**. If the parties do not desire a hearing on the motion, they should inform the Court as soon as possible.

Agreed exhibit and witness lists, and deposition designations pertinent to the issues to be presented at the hearing are to be submitted to the Court no later than **May 17, 2020**.

The parties are instructed to contact the Court no later than **May 15, 2020**, if they determine a pre-hearing conference is necessary and should be set.

If a motion for Rule 23 class certification is granted, the lawsuit will then proceed to phase two of discovery, which will concern the merits of the case. A Phase Two Case Management Order will issue at that time, setting forth a trial date and other relevant deadlines.

**3. CLASS EXPERT WITNESS DISCLOSURES**

Plaintiff's deadline to provide class expert witness disclosures and written reports is **JANUARY 27, 2020**. Defendant's deadline to provide disclosures and reports of

---

[1] All briefing deadlines have been extended so as to contemplate the parties' need for extra time to respond to the motions. Accordingly, the Court does not intend to grant any extensions of time, absent special or emergency circumstances.

rebuttal experts (*i.e.* whose testimony will be offered solely to contradict or rebut the expert opinions offered by an opposing expert) is **MARCH 19, 2020**.[1]

**4.    SETTLEMENT CONFERENCE**

The parties are not ordered to attend a settlement conference at this time, but if they feel that a settlement conference would assist in bringing resolution to the case, they may contact Chief Magistrate Judge Erin L. Wiedemann's chambers, at *elwinfo@arwd.uscourts.gov*, and she will set a conference by separate order.

**5.    COMMUNICATION WITH COURT REGARDING SETTLEMENT**

Please communicate any settlement or late-developing issues to the Courtroom Deputy, Sheri Craig, at (479) 695-4460 or *tlbinfo@arwd.uscourts.gov*. In the event of settlement, advise Ms. Craig immediately.

**IT IS SO ORDERED** on this 6th day of August, 2019.

                                                  ___/s/ Timothy L. Brooks_____
                                                  TIMOTHY L. BROOKS
                                                  UNITED STATES DISTRICT JUDGE

---

[2] Although the parties have included deadlines by which to depose the parties' class experts, those deadlines represent informal agreements between the parties and will not be included in this case management order. The parties are directed to work with each other to ensure that the necessary depositions are taken sufficiently in advance of any of the formal deadlines noted herein.