IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MICHAEL HESTER, on behalf of himself
and all others similarly situated,**
  PLAINTIFF

V.      CASE NO. 5:18-CV-05225-TLB

**WALMART, INC.,**                DEFENDANT

### [PROPOSED] ORDER PRELIMINARILY
### APPROVING CLASS ACTION SETTLEMENT

  WHEREAS, plaintiff in this action Michael Hester ("Plaintiff") and defendant Walmart, Inc. ("Defendant" or "Walmart"; collectively "the Parties") have entered into a Class Action Settlement Agreement ("Settlement Agreement" or "Agreement") after substantial motion practice, discovery, and lengthy arms-length settlement discussions;

  AND, WHEREAS, the Court has received and considered the Agreement, including the accompanying exhibits, and the record in this Action;

  AND, WHEREAS, the Plaintiff has made an unopposed application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, and for its dismissal with prejudice upon the terms and conditions set forth in the Settlement Agreement;

  AND, WHEREAS, the Court has reviewed the Plaintiff's application and the supporting memorandum for such order and has found good cause for same.

  NOW, THEREFORE, IT IS HEREBY ORDERED:

**I.      The Settlement Class Is Preliminarily Certified**

1. If not otherwise defined herein, all capitalized terms have the same meanings as set forth in the Agreement.

2. Pursuant to Federal Rule of Civil Procedure 23(e), the Court certifies for the sole purpose of consummating the settlement of the Action in accordance with the Agreement the following Settlement Class: all persons who purchased the Products within the United States during the Settlement Class Period. Excluded from the Settlement Class are: (i) current and former officers and directors of Defendant; (ii) members of the immediate families of the officers and directors of Defendant; (iii) Defendant's legal representatives, heirs, successors, or assigns, and any entity in which they have or have had a controlling interest; and (iv) the judicial officer to whom this lawsuit is assigned.

3. This certification of the Settlement Class is made for the sole purpose of consummating the settlement of the Action in accordance with the Settlement Agreement. If the Court's grant of final approval does not become final for any reason whatsoever, or if it is modified in any material respect, this class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Settlement Class Representative or anyone else to seek class certification in this or any other matter.

4. The Settlement Class meets all requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for certification of the class claims alleged in the Amended Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Settlement Class Representative and Class Counsel; (e) predominance of common questions of fact and law; and (f) superiority.

5.      Class Counsel and the Settlement Class Representative are found to be adequate representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court appoints Dr. Michael Hester as Settlement Class Representative of the Settlement Class. The Court also designates D. Greg Blankinship and Todd S. Garber of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Randall K. Pulliam of Carney Bates & Pulliam, PLLC, whom the Court finds is experienced and adequate counsel having considered the factors set forth in Rule 23(g)(1), as Class Counsel.

**II.    The Settlement Agreement Is Preliminarily
        Approved And Final Approval Schedule Set**

6.      The Court hereby preliminarily approves the Agreement and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

7.      The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Agreement and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court finds: (A) the Settlement Class Representative and Class Counsel have adequately represented the Settlement Class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; (iii) the terms of any proposed award of Attorneys' Fees and Litigation Expenses, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats Settlement Class Members equitably relative to each other. The Court further finds: (A) the merits of the Plaintiff's case, weighed against the terms of the Settlement; (B) the Defendant's financial condition; and (C) the complexity and

expense of further litigation all support a finding that the settlement is fair, reasonable, and adequate. The Court therefore preliminarily approves the proposed Settlement as set forth in the Agreement.

8. Pursuant to Federal Rule of Civil Procedure 23(e) the Court will hold a final approval hearing on __, 2020, at _____ a.m./p.m., in the Courtroom of the Honorable Judge Timothy L. Brooks, United States District Court for the Western District of Arkansas, John Paul Hammerschmidt Federal Building, 35 East Mountain, Room 559, Fayetteville, Arkansas 72701 for the following purposes:

    a. determining whether the proposed Settlement of the Action on the terms and conditions for the Agreement is fair, reasonable, and adequate and should be approved by the Court;

    b. considering the application of Class Counsel for an award of Attorneys' Fees and Litigation Expenses as provided for under the Agreement;

    c. considering the application for a Settlement Class Representative Service Payment to the Settlement Class Representative as provided for under the Agreement;

    d. considering whether the Court should enter the Final Order Approving Settlement;

    e. considering whether the release by the Settlement Class Members of the Settlement Class Member Released Claims as set forth in the Agreement and the Final Order should be provided; and

    f. ruling upon such other matters as the Court may deem just and appropriate.

9. The Court may adjourn the Final Approval Hearing and later reconvene such

hearing, and it may also conduct such hearing telephonically.

10. Any Settlement Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel. All Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

11. The Parties may further modify the Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the Settlement provided therein.

12. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

13. A motion in support of final approval of the Settlement Agreement and any application for Attorneys' Fees and Litigation Expenses and/or the Settlement Class Representative Service Payment must be filed with the Court and served at least fourteen (14) days prior to the Final Approval Hearing. Opposition papers, if any, must be filed and served at least five (5) days prior to the Final Approval Hearing.

### III. The Court Approves the Form and Method of Notice and Notice Plan

14. The Court approves, as to form and content, the proposed Notice and Notice Plan, which are Schedules 2.17 and 2.19, respectively, to the Agreement on file with this Court.

15. The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

16. Pursuant to the Agreement, the Defendant will notify the appropriate federal and state officials of this Settlement Agreement as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

17. The Court approves the designation of Angeion Group to serve as the Court-appointed Claims Administrator for the Settlement. The Claims Administrator shall disseminate the Notice and supervise and carry out the Notice Plan, the processing of Claims, and other administrative functions, and shall respond to Settlement Class Member inquiries, as set forth in the Agreement and this Order under the direction and supervision of the Court.

18. The Court directs the Claims Administrator to establish a Settlement Website, making available copies of this Order, the Notice, and Claim Forms that may be downloaded and submitted online or by mail, the Agreement and all exhibits thereto, and such other information as may be of assistance to Settlement Class Members or required under the Agreement (including the First Amended Complaint).

19. The Claims Administrator is ordered to institute the dissemination of the Notice as set forth in the Notice Plan, no later than 45 days after the Court enters this Preliminary Approval Order, including by publication and internet publication.

20. The costs of the Notice, processing of Claims, creating and maintaining the Settlement Website, and all other Claims Administrator and Notice expenses shall be paid out of the Class Settlement Amount in accordance with the applicable provisions of the Agreement.

### IV. Qualified Settlement Fund

21. A Qualified Settlement Fund shall be established and funded in accordance with Treasury Regulations § 1.468B-1, 26 C.F.R. § 1.468B-1 and the Settlement Agreement.

## V.     Procedure For Settlement Class Members To Participate In The Settlement

22. Settlement Class Members who wish to claim a Settlement Class Member Payment Amount must submit their Claim Form and supporting documentation no later than 75 days after the dissemination of the Notice as set forth in the Agreement. Such deadline may be further extended without notice to the Settlement Class by Court Order, by agreement between the Parties, or as set forth in the Agreement.

## VI.    Procedure for Requesting Exclusion from the Settlement Class

23. Any Person falling within the definition of the Settlement Class may, upon their request, be excluded from the Settlement Class. Any such Person must submit an Opt Out Letter to the Claims Administrator postmarked or delivered no later than 75 days after the dissemination of the Notice as set forth in the Agreement (the "Opt-Out Date"), as set forth in the Notice.

24. Any Settlement Class Member who does not send a signed Opt OutLetter postmarked or delivered on or before the Opt-Out Date will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the Settlement, if finally approved by the Court. The written Opt Out Letter must request exclusion from the Settlement Class, must be signed by the Settlement Class Member and include their email and mailing address as well as a statement indicating that the Person desires to be excluded from the Settlement Class in accordance with the instructions in the Notice. The Claims Administrator may invalidate mass-generated Opt Out Letters. All Persons who submit valid and timely Opt Out Letters in the manner set forth in the Agreement shall have no rights under the Agreement and shall not be bound by the Agreement or the Final Judgment and Order.

25. A list reflecting all Opt Out Letters shall be filed with the Court by Plaintiff at or

before the Final Approval Hearing.

### VII. Procedure for Objecting to the Settlement

26. Any Settlement Class Member who desires to object to the proposed Settlement, including the requested Attorneys' Fees and Litigation Expenses or Settlement Class Representative Service Payment, must timely file with the Clerk of this Court a notice of the objection(s), together with all papers that the Settlement Class Member desires to submit to the Court no later than 75 days after the dissemination of the Notice as set forth in the Agreement (the "Objection Date"). The objection must also be served on Class Counsel and Defendant's counsel no later than the Objection Date. The Court will consider such objection(s) and papers only if such papers are received on or before the Objection Date provided in the Notice, by the Clerk of the Court, and by Class Counsel and Defendant's counsel. In addition to the filing with this Court, such papers must be sent to each of the following persons:

> D. Greg Blankinship
> Finkelstein, Blankinship, Frei-Pearson & Garber, LLP
> One North Broadway, Suite 900
> White Plains, NY 10601
> (914) 298-3281
>
> Vincent Chadick
> Quattlebaum, Grooms & Tull PLLC
> 4100 Corporate Center Drive, Suite 310
> Springdale, AR 72762
> (479) 444-5208

The written objection must include: (a) the objector's name, address, telephone number, and, if represented by counsel, of his/her counsel; (b) documentation sufficient to establish membership in the Settlement Class; (c) a statement of the position the objector wishes to assert, including the factual and legal grounds for the position and objection; (d) copies of any other documents that the objector wishes to submit in support of his/her/its position; (e) any previously

filed objections to class action settlements filed by the Settlement Class Member and his/her/its counsel in any state or federal court (containing: (i) the name of the case; (ii) the case number; (iii) the court in which the objection was filed; and (iv) the outcome of the objection); and (f) the objector's signature.

27. Any Settlement Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including attorneys' fees. Settlement Class Members or their attorneys who intend to make an appearance at the Final Hearing must file with the clerk of the Court, and serve on all counsel designated in the Notice, a notice of intention to appear, and file the notice of appearance with the Court no later than 20 days before the Final Approval Hearing. The notice of intention to appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her counsel) will present to the Court in connection with the final approval hearing.

28. Any Settlement Class Member who fails to comply with the provisions of the preceding paragraphs 26 and 27, to provide a notice of intention to appear in complete accordance with the deadlines and other specifications set out in the Notice, and who has not filed an objection in complete accordance with the deadlines and other specifications set forth in this Order and the Notice, subject to the approval of the Court, will be deemed to have waived any objections to the Settlement, can be barred from speaking or otherwise presenting any views at the Final Approval Hearing, shall be bound by all the terms of the Agreement and by all proceedings, orders, and judgments, including, but not limited to, the release, in the Action, and are forever foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, or any aspect of the

Settlement, including, without limitation, the fairness, reasonableness, or adequacy of the proposed Settlement, or any award of Attorneys' Fees and Litigation Expenses or Settlement Class Representative Service Payment.

29. Pending final determination of whether the Settlement should be approved, neither the Settlement Class Representatives nor any Settlement Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against the Walmart Released Parties any action or proceeding in any court or tribunal asserting any of the Settlement Class Member Released Claims.

30. All proceedings in this Action with respect to Defendant are hereby stayed and suspended pending the Final Approval of the Settlement, except such proceedings as are provided for in the Agreement, or which may be necessary to implement the terms of the Agreement, the Settlement Class, or this Order.

31. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.

IT IS SO ORDERED.

DATED:

HONORABLE TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF ARKANSAS