IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL HESTER, on behalf of himself
and all others similarly situated                                          PLAINTIFFS

V.                          CASE NO. 5:18-CV-05225

WALMART, INC.                                                               DEFENDANT

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

This matter comes before the Court on the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. 65) and Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Incentive Award (Doc. 66). The Court held a hearing on the Motions via videoconference on November 30, 2020. The Courtroom was open, but no class members appeared in person to be heard regarding the settlement. As stated from the bench during the hearing and laid out below, the Motion for Final Approval (Doc. 65) is **GRANTED** and the Motion for Attorneys' Fees, Costs, and Incentive Award (Doc. 66) is **GRANTED IN PART AND DENIED IN PART**.[1]

First, the Court grants final certification of the settlement class. In its Order of July 9, 2020, the Court granted initial certification of a settlement class so that notice might be sent, and anticipated that the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure would be satisfied. See Doc. 62. As anticipated, the Court now finds that the requirements of Rule 23(a) and (b)(3)—numerosity, commonality, typicality, predominance, superiority, and the requirement that the representative parties fairly and adequately protect the interest of the class—have been met.

---

[1] To the extent that there is any discrepancy between this written Order and the Court's rulings from the bench, this Order shall control.

Next, the Court finds that the settlement agreement is "fair, reasonable, and adequate" based on consideration of the four factors laid out in *Van Horn v. Trickey*: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. 840 F.2d 604, 607 (8th Cir. 1988). In particular, the Court finds that the settlement is a reasonable proportion of the total possible recovery at trial and notes that there were no objections to the settlement.

The Court approves the requested incentive award of $5,000 for Michael Hester for his service as the named plaintiff and class representative in this matter. The class also requests $69,624.85 for attorneys' costs. As it stated from the bench, the Court finds it inappropriate to charge Westlaw costs to the case. Conducting research on Westlaw is standard practice. The Court considers Westlaw to be an overhead cost and will not reimburse Westlaw expenses. By the Court's calculation, Westlaw charges constitute $6,950.24 of the requested costs. The total reimbursable costs are reduced by that amount, and Plaintiffs' counsel may recover $62,674.61 for costs from the total settlement amount.

Finally, the Court approves a payment to Plaintiffs' counsel of 25% of the total settlement fund, or $275,000 to cover the attorneys' fees in this matter. Plaintiffs' counsel requested 33% of the common fund. In considering the appropriate amount of attorney fees, courts in the Eighth Circuit have considered the factors laid out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974): (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the attorney's preclusion of other employment due

2

to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See Allen v. Tobacco Superstore, Inc., 475 F.3d 931, 944 (8th Cir. 2007) (finding no abuse of discretion where the district court considered the Johnson factors in determining the final fee award).[2] In considering these factors, the Court concludes that a fee of one-third is too high. This case was settled before class certification, and the claim rate is almost certainly less than 3% of the class. Thus, in consideration of these factors, including the amount of time and skill that was necessary, the Court finds a fee of 25% of the total settlement fund to be reasonable.

In summary, the Motion for Final Approval (Doc. 65) is **GRANTED** and the Motion for Attorneys' Fees, Costs, and Incentive Award (Doc. 66) is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** certification of the settlement class and final approval of the settlement agreement. From the total settlement amount of $1.1 million, the Court **GRANTS** $275,000 to Plaintiffs' counsel for fees and $62,674.61 for costs associated with this case. The Court further **AWARDS** $5,000 to Michael Hester as a service award and **GRANTS** the Claims Administrator its reasonable fees and costs incurred in providing notice of and administering the settlement, up to $312,500. Finally,

---

[2] As the Court noted from the bench, these factors overlap almost completely with the factors laid out by the Arkansas Supreme Court in Chrisco v. Sun Industries, Inc., 800 S.W.2d 717, 718–19 (Ark. 1990) for assessing appropriate attorney fees under state law. The Eighth Circuit has recognized that these factors are appropriate for consideration in matters of Arkansas law. See All-Ways Logistics, Inc. v. USA Truck, Inc., 583 F.3d 511, 520–21 (8th Cir. 2009).

the Court **ORDERS** that the release of claims provided in the settlement agreement is binding on all class members and that the Court retains jurisdiction to enforce the terms of the settlement. The case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** on this 2nd day of December, 2020.

                                                  TIMOTHY L. BROOKS
                                                UNITED STATES DISTRICT JUDGE